UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JUANITA GRAY, | Case No. 10-13688 |
| Plaintiff, | Robert H. Cleland |
| vs. | United States District Judge |
| COMMISSIONER OF SOCIAL SECURITY, | Michael Hluchaniuk |
| | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION
CROSS MOTIONS FOR SUMMARY JUDGMENT (Dkt. 8, 13)**

**I.   PROCEDURAL HISTORY**

A.   Proceedings in this Court

On September 16, 2010, plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits. (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Robert H. Cleland referred this matter to the undersigned for the purpose of reviewing the Commissioner's decision denying plaintiff's claim for a period of disability and disability insurance benefits. (Dkt. 2). This matter is before the Court on cross-motions for summary judgment. (Dkt. 8, 13).

B.   Administrative Proceedings

Plaintiff filed the instant claims on June 14, 2007, alleging that she became

unable to work on January 1, 2006. (Dkt. 6-5, Pg ID 120-126). The claim was initially disapproved by the Commissioner on August 8, 2007. (Dkt. 6-4, Pg ID 51-54). Plaintiff requested a hearing and on July 1, 2009, plaintiff appeared with counsel before Administrative Law Judge (ALJ) Ralph F. Shilling, who considered the case *de novo*. In a decision dated November 23, 2009, the ALJ found that plaintiff was not disabled. (Dkt. 6-2, Pg ID 26-35). Plaintiff requested a review of this decision on December 7, 2009. (Dkt. 6-2, Pg ID 23). The ALJ's decision became the final decision of the Commissioner when, after the review of additional exhibits[1] (AC-11E, Dkt. 6-2, Pg ID 21), the Appeals Council, on July 20, 2010, denied plaintiff's request for review. (Dkt. 6-2, Pg ID 18-20).

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

---

[1] In this circuit, where the Appeals Council considers additional evidence but denies a request to review the ALJ's decision, since it has been held that the record is closed at the administrative law judge level, those "AC" exhibits submitted to the Appeals Council are not part of the record for purposes of judicial review. *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996). Therefore, since district court review of the administrative record is limited to the ALJ's decision, which is the final decision of the Commissioner, the court can consider only that evidence presented to the ALJ. In other words, Appeals Council evidence may not be considered for the purpose of substantial evidence review.

## II.   FACTUAL BACKGROUND

### A.   ALJ Findings

Plaintiff was 60 of age at the time of the most recent administrative hearing. (Dkt. 6-2, Pg ID 43). Plaintiff's relevant work history included approximately thirty-eight years as a clerk and payroll accountant. (Dkt. 6-6, Pg ID 156). In denying plaintiff's claims, defendant Commissioner considered diabetes/high blood pressure/high cholesterol as possible bases of disability. (Dkt. 6-6, Pg ID 155)

The ALJ applied the five-step disability analysis to plaintiff's claim and found at step one that plaintiff had not engaged in substantial gainful activity since January 1, 2005. (Dkt. 6-2, Pg ID 31). At step two, the ALJ found that plaintiff's diabetes mellitus with neuropathy were "severe" within the meaning of the second sequential step. *Id*. At step three, the ALJ found no evidence that plaintiff's combination of impairments met or equaled one of the listings in the regulations. (Dkt. 6-2, pg ID 33). At step four, the ALJ found that plaintiff could perform her previous work as a payroll accountant clerk. (Dkt. 6-2, Pg ID 35).

### B.   Plaintiff's Claims of Error

Plaintiff asserts that the ALJ failed to give appropriate weight to the opinions of her treating physicians and failed to give good reasons for rejecting their opinions. Plaintiff points out that her long term treating relationships with

Drs. Dell, (Tr. 204-228 & Tr. 238-246) and Dr. Guo, (Tr. 233-237), are well-established by the medical evidence of record. Both physicians addressed plaintiff's diabetes and resultant neuropathy and their conclusions are documented by consistently high glucose readings in the blood work, (Tr. 208-217), as well as an abnormal EMG, (Tr. 234-235). Plaintiff says these findings are further corroborated by plaintiff's complaints of constant thirst to Dr. Ratcliff, the Disability Determination Service examiner. (Tr. 192). Despite this evidence, plaintiff says that the ALJ incorrectly gave substantial weight to the opinion of the consultive examiner, Dr. Hachey. (Tr. 17). Given the treaters' well supported findings, along with plaintiff's need for Lidoderm patches, Neurontin, and her statement that her pain "is really affecting her life a lot," (Tr. 245), plaintiff asserts that the ALJ erred. Plaintiff argues that controlling weight should have been given to the opinions of the treating physicians and the ALJ in the instant matter offered no reasons for his disregard of Drs. Dell and Guo. Rather, according to plaintiff, he merely recited the qualifications of the accepted examining source. Plaintiff contends that this analysis is completely inadequate and constitutes reversible error.

  Plaintiff also finds fault with the ALJ's credibility analysis. The ALJ found plaintiff to be credible witness, yet denied benefits. Specifically, he concluded that the pain and limitations described were not the product of an identified

medically determinable impairment, reasonably capable of producing the symptoms. Plaintiff disagrees with this finding for three reasons. Initially, the medical evidence of record unquestionably establishes that plaintiff suffers from peripheral neuropathy that causes pain in her legs and feet. This fact is not disputed by either the treating or examining sources. Thus, plaintiff asserts that the ALJ clearly chose to ignore the pathology of the disease process and instead substitute his medical conclusions for those of the experts.

Second, according to plaintiff, the ALJ failed to explain his reasoning, as mandated by 20 C.F.R. § 404.1527. Rather, he "glibly" asserted that plaintiff's alleged impairments can not be attributed to her medical condition "according to the medical opinions of record." Plaintiff says that the ALJ never identified the specific experts, or their conclusions.

Third, plaintiff asserts that the law regarding subjective complaints is clear; and pain alone may establish disability for the purposes of the Act. *Kirk v. Sec'y of Health and Human Serv.*, 667 F.2d 524, 538 (6th Cir. 1981). In addition, lay testimony joined with medical evidence may establish disabling pain. *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980). Plaintiff pointedly testified how her peripheral neuropathy impacted her life, and, according to the ALJ, she appeared sincere and genuine to the ALJ. (Tr. 17). Nonetheless, plaintiff says that the ALJ improperly disregarded her statements. Plaintiff contends that when the ALJ

omitted the implications of those impairments from his residual functional capacity assessment, he committed reversible error.

### C. The Commissioner's Motion for Summary Judgment

The Commissioner first points out that plaintiff appears to only raise the issue of her lower extremity pain in this appeal. Although plaintiff complained about her vision and fatigue at the administrative level, the Commissioner asserts that she has waived those complaints by failing to raise them here. *See United States v. Elder*, 90 F.3d 110, 118 (6th Cir. 1996). Further, the consultative examinations did not indicate problems with plaintiff's vision (Tr. 193, 249), and mentions of fatigue are virtually absent from the record. Given that plaintiff had access to both a primary care doctor and a neurologist, it is reasonable to conclude that she would have consistently mentioned (and doctors would have attempted to address) any disabling vision or fatigue problems.

The Commissioner next argues that the ALJ appropriately considered and discussed the evidence of plaintiff's diabetic neuropathy (Tr. 15-16), and because of that condition assigned a residual functional capacity that limited plaintiff to sitting for most of the day and lifting no more than 10 pounds. (Tr. 16). Thus, according to the Commissioner, plaintiff's assertion that the ALJ "substitute[d] his medical conclusions for those of the experts," is thus not correct. Rather, the question is whether substantial evidence supports the ALJ's conclusion that

plaintiff could still sit for six hours a day and lift 10 pounds. The Commissioner points out that Dr. Dell and Dr. Guo never offered an opinion on this question. In contrast, the consulting examiner, Dr. Hachey, concluded that plaintiff could perform these tasks, and Dr. Douglass did not think plaintiff had any significant work-related limitations at all. Thus, contrary to plaintiff's assertion, the only medical opinions relevant to the issue at hand actually support the ALJ's residual functional capacity finding.

The Commissioner also points out that the evidence indicates that plaintiff was treated conservatively with topical anesthetic (Lidoderm) patches and with over-the-counter Tylenol. The Lidoderm patches were largely effective. Dr. Guo wrote that Plaintiff's "neuropathic pain seems to be reasonably controlled with the Lidoderm patches and two tablets of Tylenol each day." (Tr. 241). Dr. Dell noted that plaintiff's "foot pain [was] 95% better on" Lidoderm patches (Tr. 221) and advised her to soak her feet in diluted vinegar (Tr. 221), which helped some. (Tr. 243). Although Dr. Guo eventually wanted to start therapy with gabapentin (Neurontin), plaintiff initially demurred due to unspecified side-effect concerns. (Tr. 243). The Commissioner asserts that, contrary to plaintiff's assertions that the treating sources prove her case, her doctors' treatment decisions and her response to conservative therapy support the ALJ's conclusion that her diabetic neuropathy was not of a disabling severity.

The Commissioner acknowledges that while pain from a medically determinable impairment itself may be a sufficient disability for social security purposes, the ALJ is charged with determining whether a claimant's symptoms "can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. § 404.1529(a). "In evaluating the intensity and persistence of your symptoms, including pain, [the ALJ must] consider all of the available evidence, including [the claimant's] medical history . . . ." *Id*. The Commissioner contends that the ALJ correctly concluded that plaintiff's medical history did not support a finding of disabling pain, particularly given that the only possible medical opinions rendered by Dr. Dell or Dr. Guo concerned the first category, plaintiff's diagnosis, not any resulting limitations. And the ALJ agreed with every medical source in the record by determining plaintiff's diabetes with neuropathy was a "severe," medically determinable impairment. (Tr. 16). The Commissioner points out that plaintiff's treating sources did not opine about what she could do despite her impairment or what restrictions she had. While plaintiff suggests that her treating sources stated that her pain was of disabling severity, she provides no citations to the record in support of this claim.

## III. DISCUSSION

### A. <u>Standard of Review</u>

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir.1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v.*

*McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may ... consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence."). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting, Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v.*

*Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record only. *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed.Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly

addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed.Appx. 521, 526 (6th Cir. 2006).

  B. <u>Governing Law</u>

  The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord, Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed.Appx. 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability Insurance Benefits Program ("DIB") of Title II (42 U.S.C. §§ 401 *et seq*.) and the Supplemental Security Income Program ("SSI") of Title XVI (42 U.S.C. §§ 1381 *et seq*.). Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled. F. Bloch, Federal Disability Law and Practice § 1.1 (1984). While the two programs have different eligibility requirements, "DIB and SSI are available only for those who have a 'disability.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also*, 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two: If the claimant does not have a severe impairment or combination of impairments, that "significantly limits ... physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three: If plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.
>
> Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing,

20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534. "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones*, 336 F.3d at 474, cited with approval in *Cruse*, 502 F.3d at 540. If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at 241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

If the Commissioner's decision is supported by substantial evidence, the decision must be affirmed even if the court would have decided the matter differently and even where substantial evidence supports the opposite conclusion. *McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

C. Analysis and Conclusion

In weighing the opinions and medical evidence, the ALJ must consider relevant factors such as the length, nature and extent of the treating relationship, the frequency of examination, the medical specialty of the treating physician, the opinion's evidentiary support, and its consistency with the record as a whole. 20 C.F.R. § 404.1527(d)(2)-(6). Therefore, a medical opinion of an examining source is entitled to more weight than a non-examining source and a treating physician's opinion is entitled to more weight than a consultative physician who only examined the claimant one time. 20 C.F.R. § 404.1527(d)(1)-(2). A decision denying benefits "must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's opinion and the reasons for that weight." Soc.Sec.R. 96-2p, 1996 WL 374188, *5 (1996). The opinion of a treating physician should be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is "not inconsistent with the other substantial evidence in [the] case record." *Wilson*, 378 F.3d at 544; 20 C.F.R. § 404.1527(d)(2). A physician qualifies as a treating source if the claimant sees her "with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for [the] medical

condition." 20 C.F.R. § 404.1502. "Although the ALJ is not bound by a treating physician's opinion, 'he must set forth the reasons for rejecting the opinion in his decision.'" *Dent v. Astrue*, 2008 WL 822078, *16 (W.D. Tenn. 2008) (citation omitted). "Claimants are entitled to receive good reasons for the weight accorded their treating sources independent of their substantive right to receive disability benefits." *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 875 (6th Cir. 2007). "The opinion of a non-examining physician, on the other hand, 'is entitled to little weight if it is contrary to the opinion of the claimant's treating physician.'" *Adams v. Massanari*, 55 Fed.Appx. 279, 284 (6th Cir. 2003). Courts have remanded the Commissioner's decisions when they have failed to articulate "good reasons" for not crediting the opinion of a treating source, as § 1527(d)(2) requires. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545 (6th Cir. 2000), citing, *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004) ("We do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician's opinion and we will continue remanding when we encounter opinions from ALJ's that do not comprehensively set forth the reasons for the weight assigned to a treating physician's opinion.").

  The undersigned agrees that neither of plaintiff's treating physicians offer an opinion that her functional limitations are different than the RFC formulated by the ALJ or impose additional restrictions not accounted for in the RFC. *See*

*Maher v. Sec'y of Health and Human Serv.*, 898 F.2d 1106, 1109 (6th Cir.1987), citing *Nunn v. Bowen*, 828 F.2d 1140, 1145 (6th Cir. 1987) ("lack of physical restrictions constitutes substantial evidence for a finding of non-disability."). Rather, plaintiff's primary disagreement with the ALJ's decision stems from her belief that because she has uncontrolled diabetes and neuropathy, she *must* be disabled. Simply because plaintiff suffers from a certain condition or carries a certain diagnoses does not equate to disability or a particular RFC. Rather, the residual functional capacity circumscribes "the claimant's residual abilities or what a claimant can do, not what maladies a claimant suffers from-though the maladies will certainly inform the ALJ's conclusion about the claimant's abilities." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 240 (6th Cir. 2002). "A claimant's severe impairment may or may not affect his or her functional capacity to do work. One does not necessarily establish the other." *Yang v. Comm'r of Soc. Sec.*, 2004 WL 1765480, *5 (E.D. Mich. 2004). "The regulations recognize that individuals who have the same severe impairment may have different [residual functional capacities] depending on their other impairments, pain, and other symptoms." *Griffeth v. Comm'r of Soc. Sec.*, 217 Fed.Appx. 425, 429 (6th Cir. 2007); 20 C.F.R. § 404.1545(e). Thus, the mere existence of any condition from which plaintiff may have suffered, as found by her treating physicians and confirmed in the EMG, does not necessarily establish any functional limitation or disability

before the last date insured.

Similarly in evaluating a claimant's credibility and pain complaints under 20 C.F.R. 404.1529(c), the ALJ may consider a variety of factors, including the medical evidence, treatment, activities, the location, duration, frequency, and intensity of the individual's pain or other symptoms, factors that precipitate and aggravate the symptoms, the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms, treatment, other than medication, the individual receives or has received for relief of pain or other symptoms, any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board), and any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.  Here, the ALJ considered a variety of factors in evaluating plaintiff's pain complaints and her credibility, including the lack of restrictions imposed by her treating physicians, the limited and conservative treatment she received for her pain and her neuropathy,[2] and the limited medical

---

[2] It is entirely appropriate for the ALJ to rely on the conservative nature of treatment in assessing the extent of impairment and credibility of the claimant. *See e.g.*, *Struchen v. Astrue*, 2010 WL 3259895, *4 (N.D. Ohio 2010); *Patrick v. Astrue*, 2010 WL 235032, *6 (E.D. Ky. 2010); *Ealy v. SSA*, 172 Fed.Appx. 88 (6th Cir. 2006) (*per curiam*) (upholding ALJ's determination that claimant's "claimed limitations 'were not fully credible' because they were 'inconsistent with ... the

evidence supporting her contention that she has disabling limitations. *See e.g., Maher v. Sec'y of Health & Human Servs.*, 898 F.2d 1106, 1109 (6th Cir. 1989) ("Mild medications taken by a claimant do not bear out allegations of severe disabling pain."). The undersigned finds no basis to disturb the credibility findings of the ALJ, which are entitled to considerable deference.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health*

---

lack of more aggressive treatment ... and the claimant's ordinary activities.'").

*and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

    Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  January 30, 2012                              s/Michael Hluchaniuk
                                                      Michael Hluchaniuk
                                                      United States Magistrate Judge

## CERTIFICATE OF SERVICE

    I certify that on January 30, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Marc J. Littman, Judith E. Levy, AUSA, and the Commissioner of Social Security</u>.

                                                      s/Darlene Chubb
                                                      Judicial Assistant
                                                      (810) 341-7850
                                                      darlene_chubb@mied.uscourts.gov